## PEOPLE *v.* SACHSE.

1. INDICTMENT AND INFORMATION—ELECTION OF COUNTS.

 In prosecution for obtaining money under false pretenses, where information contained three counts covering ramifications of single transaction, and same evidence related to all three counts, there was no error in refusing to compel prosecution to elect between counts.

2. SAME—DOUBLE COUNT.

 Count of information charging that defendant by false and fraudulent representations obtained certain sum of money was not rendered double by charging in second count procurement of part of same money.

3. FALSE PRETENSES—EVIDENCE—SUFFICIENCY.

 In prosecution for obtaining money under false pretenses, where evidence established defendant's intent to defraud, actual fraud accomplished by means of false representations made with intent to defraud, reliance thereon, and payment of money to defendant induced thereby, verdict of guilty was justified.

Error to Oakland; Gillespie (Glenn C.), J. Submitted October 16, 1930. (Docket No. 155, Calendar No. 35,005.) Decided December 2, 1930.

Otto Sachse was convicted of securing money under false pretenses from the Pontiac Union School District. Affirmed.

*Pelton & McGee* (*Geo. B. Andrews,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Norman C. Orr,* Prosecuting Attorney, *Charles L. Wilson,* Chief Assistant Prosecuting Attorney (*Brakie J. Orr,* of counsel), for the people.

WIEST, C. J. Defendant was convicted of procuring money from the Pontiac Union School District through false and fraudulent representations. He was brought to trial under an information containing three counts and found guilty of the crime charged in the first count.

The first count charged that he procured $15,500 from the Pontiac Union School District through false and fraudulent representations. This count set up the items making up the $15,500. The second

count charged that he procured $2,500 from the school district by false and fraudulent representations. The third count charged him with the sale of property to the school district of which he was an officer. The first count, by specific mention, included in the sum procured by him the $2,500 alleged in the second count. At the trial the court refused to compel the prosecution to elect between counts. There was no error in this. The same evidence related to all three counts, and covered but the ramifications of a single transaction. The first count was not rendered double by charging in the second count the procurement of a part of the same money charged in the first count. There was no motion to quash the information.

Counsel for defendant contend that conviction under the first count operated as an acquittal of the charge in the second count. The first count was broad enough to obviate the necessity of the second count.

The court instructed the jury that, if defendant was found guilty under the first count, there was no need to consider the second count.

It would be anomalous to hold that the conviction under the first count, which included the $2,500 charged in the second count, was an acquittal of procuring the $2,500 by false and fraudulent representations. Had defendant been convicted under the second count he would have been found guilty of procuring less money than charged in the first count. The amount of money procured, if above $25, is not very material.

Briefly stated, the evidence established the following facts: The school district had purchased for a school site several acres of a large lot, and desired to acquire the rest of the lot. Defendant was presi-

dent of the school board, and was vendee in a land contract for the purchase of the part of the lot wanted by the school board. His contract of purchase called for $17,000, of which he had paid $2,000 previous to negotiations for sale of the property to the school district. Defendant, as vendor, had entered into a contract for sale of the property to Paul Kamper, at a price of $30,000, no part of which was paid, but he held Mr. Kamper's note for $5,000. Mr. Kamper wanted to surrender the contract and obtain back his note. This was agreeable to defendant, but he planned that, in the sale to the school district, he could obtain an advantage if the surrender of the Kamper contract was not disclosed, and, therefore, had Mr. Kamper send his copy of the contract to the trust department of a bank in Pontiac to be turned over to the defendant upon return of the $5,000 note. Defendant actively participated in the school board meetings, where purchase of his property was under consideration, and represented to the board that the Kamper contract was outstanding, but the property could be obtained for the sum of $32,500, that being the amount of the Kamper contract, plus $2,500 he alleged was claimed by Mr. Kamper for the expense of plans for a building he had contemplated erecting upon the land. No plans had been prepared, and no such claim made by Mr. Kamper. The school board relied upon defendant's false representations and purchased the property at the price of $32,500, gave its voucher for $2,500, payable to "cash," and defendant used the $2,500 to open an account in the name of himself and wife in a Pontiac bank. Mr. Kamper knew nothing about the claim for the $2,500, and was never paid a cent of the proceeds acquired through defendant's false pretense.

In the particular mentioned, the evidence clearly established defendant's intent to defraud, an actual fraud accomplished by means of false representations made with intent to deceive and carry out the planned fraud, reliance upon the false representations by the school board, and the payment of money to defendant induced thereby. Whether defendant, by fraud, obtained $15,500 or $2,500 is immaterial, for in either event he was guilty under the first count of the information.

Defendant gave no testimony. The verdict of guilty was in accord with undisputed evidence. Defendant's contentions that the verdict is without supporting evidence, contrary to the evidence, and against the weight of evidence, are all without merit.

We find no error. The conviction is affirmed.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.