## PEOPLE *v.* LAHEY.

1. INDICTMENT AND INFORMATION—WHEN NO ELECTION MAY BE RE-
QUIRED.

Where information contains two or more counts charging dis-
tinct crimes which were committed by same acts, at same time,
and same evidence must be relied on for conviction under
either count, no election may be required.

2. SAME—WHEN ELECTION SHOULD BE REQUIRED.

Where information in one count charged negligent homicide (3
Comp. Laws 1929, § 16743), and in another failure to stop
after automobile accident involving injury or death to person
(1 Comp. Laws 1929, § 4722), it was error to refuse to require
prosecution to elect between said counts, since it is apparent
that said offenses do not grow out of same facts.

3. CRIMINAL LAW—FAILURE TO REQUIRE ELECTION OF COUNT.

Error in refusing to require prosecution to elect between incon-
sistent counts cannot be said to be without prejudice because
defendant was acquitted of first offense charged, where evi-
dence admitted in support thereof was not admissible in sup-
port of second offense, of which he was convicted, and may
have produced conviction.

4. JURY—EXAMINATION OF JURORS BY JUDGE.

Trial judge properly undertook examination of jurors on *voir
dire.*

5. EVIDENCE—OPINION EVIDENCE AS AGAINST POSITIVE TESTIMONY
RAISES NO ISSUE.

Opinion evidence from medical witnesses that injured boy, having
broken leg, could not make outcry, has no tendency to make
issue as against positive and undisputed testimony of number
of witnesses that he did scream and call lustily.

6. CRIMINAL LAW—EVIDENCE—OPINION EVIDENCE PROPERLY EX-
CLUDED WHERE OPPOSED TO POSITIVE TESTIMONY.

In prosecution for failure to stop after automobile accident in-
volving injury or death to person (1 Comp. Laws 1929, § 4722),
where there was positive and undisputed testimony that in-

As to *voir dire* examination generally, see 16 R. C. L. 246; R. C. L.
Perm. Supp. p. 4068; R. C. L. Pocket Part, title Jury, § 63.

jured person screamed and called lustily, opinion evidence from medical witnesses that, because of broken leg, he could not make outcry, was properly excluded.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 15, 1931. (Docket No. 215, Calendar No. 35,867.)   Decided December 8, 1931.

William P. Lahey was convicted of failing to stop in event of an accident involving injury or death to a person. Reversed, and new trial granted.

*Cross, Foote & Sessions, Alexis J. Rogoski,* and *R. Glen Dunn,* for appellant.

*Paul W. Voorhies,* Attorney General, and *George H. Cross,* Assistant Prosecuting Attorney, for the people.

CLARK, J.   Defendant was tried upon an information charging in two counts two statutory offenses, negligent homicide, 3 Comp. Laws 1929, § 16743, and failing to stop in event of accident involving injury or death to a person, section 30, Act No. 318, Pub. Acts 1927 (1 Comp. Laws 1929, § 4722), uniform motor vehicle act.   The court refused to require an election of counts.   Defendant was convicted under the second count and acquitted under the first. From the judgment entered he has appealed.

In the evening of January 30, 1931, defendant drove his automobile along a street in Muskegon.   It collided with an automobile parked on the side of the street and drove it against another parked automobile, fatally injuring a boy, Robert Gee, who was standing between the parked cars, and also injuring another boy, William Gee.   Defendant did not stop. He claims he did not then know anyone had been injured.

Evidence was adduced in support of both counts of the information. The motion to require the prosecution to elect between counts was made before any witness was sworn and renewed at the close of the people's case. It was not granted. The case was submitted under both counts.

As sustaining his contention that no election was here necessary, the prosecuting attorney cites a number of cases from California. They are not in point. Section 954 of the Penal Code of California provides that an indictment or information may charge two or more different offenses "connected together in their commission." We find no similar statute in our State, except as respects larceny. 3 Comp. Laws 1929, § 17283. The rule in this State is that no election can be required when an information contains two or more counts charging distinct crimes which were committed by the same acts, at the same time, and the same evidence must be relied on for conviction under either count. *People* v. *Mathews,* 207 Mich. 526; *People* v. *Warner,* 201 Mich. 547; *People* v. *Sachse,* 252 Mich. 275; *People* v. *Sweeney,* 55 Mich. 586.

In the case at bar the first count could not be used to convict the defendant of the offense charged in the second. Evidence warranting conviction under the second count would not sustain a conviction under the first. Under the second count defendant's prior negligence is not important, and he might be wholly innocent in respect of the accident itself and yet be guilty of the offense charged. The offense under the first count was complete with the homicide. It is apparent these offenses do not grow out of the same facts.

In *People* v. *Aikin,* 66 Mich. 460 (11 Am. St. Rep. 512), the charge was manslaughter caused by alleged abortion. The first count charged manslaugh-

ter in usual form. The second charged manslaughter by the use of medicine and drugs. The third count charged manslaughter by use of an instrument. The fourth count charged manslaughter by reason of criminal neglect as a man midwife to whom the care of the deceased had been committed. It was held that the fourth count charged an offense of same degree as that charged in the other counts, but growing out of different facts, circumstances, and conditions, and it was said:

"That where several offenses are charged, distinct in point of law, and the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of any substantial right, the court should either quash or compel the prosecutor to elect which offense he will ask a conviction upon."

And it was held, quoting syllabus:

"The true and only just rule governing the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. But when the object and purpose is apparent to prosecute the respondent, and such is the logical effect, for separate felonies by means of one information or indictment, the court will not permit it to be done, as the injustice and prejudice to the accused overbalance all possible benefits to be derived to the public from such a practice."

It may be noted that the language of *People* v. *McKinney,* 10 Mich. 54, 94, 95, relied on by the prosecution, relating to offenses springing out of "substantially the same transaction" in *People* v. *Aikin,*

*supra,* is treated as meaning growing out of the same facts.

In *People* v. *Mears,* 251 Mich. 359, defendant was charged with procuring a note and mortgage by false pretenses, etc., and with obtaining money on it from a third party. It was held, quoting syllabus:

"Where fact that information in one count charged two offenses was called to court's attention by motion to quash for duplicity, court should have ordered count made single by severance  *  *  *  or by striking out second charge as surplusage."

The following from 14 R. C. L. p. 199:

"In the case of the joinder of counts charging distinct offenses, the court should exercise its discretion to compel the prosecution to elect, since such a joinder tends to embarrass the prisoner, and confound him in his defense."

The prosecution should have been required to elect.

The prosecution made a very strong case under the charge of negligent homicide, but for some reason the jury acquitted the defendant of the offense. That feature of the case is gone; defendant's innocence thereof is established and evidence applicable to that charge alone cannot be considered in respect of the other charge. The matter before us is the conviction on the second charge under Act No. 318, as to which the evidence is sharply in conflict. It cannot be said the error was without prejudice, as evidence admitted under the first count and not admissible under the second count may have produced conviction.

This disposes of the case, but, as it must go back for a new trial, we speak briefly of two other questions:

The trial judge undertook, rightly, examination of jurors on *voir dire* (*People* v. *Hayek,* 243 Mich. 546),

and although defendant criticizes the failure of the judge to make certain proffered interrogations, he has failed to show, affirmatively, prejudice thereby.

Opinion evidence from medical witnesses that the boy, William Gee, having a broken leg, could not make an outcry, had no tendency to make an issue as against positive and undisputed testimony of a number of witnesses that the boy did scream and call lustily, and was properly excluded.

Other questions are not likely to arise again.

Reversed. New trial ordered. Defendant remanded to custody of sheriff.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.