COOPER *v.* COOPER.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—OBJECTIONS.

Where husband's bill for divorce on ground of extreme cruelty alleged that defendant wife wrongfully kept company with other men while plaintiff was in the armed services and a witness testified that he had had improper relations with defendant without objection that such testimony was not within the scope of the pleadings, such objection came too late on appeal.

2. SAME—WITNESSES—SELF INCRIMINATION—WAIVER BY PARTY.

Error, if any, in court's failure to advise witness in divorce pro-
ceeding that he could refuse to testify as to improper relations
with defendant wife on ground of self incrimination, not hav-
ing been argued in defendant's brief, is assumed to have been
waived and not available to defendant, since it is a personal
privilege of the witness (Const. 1908, art. 2, § 16).

3. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER—EVIDENCE.

Testimony of a male witness in a suit for divorce that he had
had improper relations with defendant wife *held*, sufficient to
show she was an unfit person to have the care and custody of the
minor son of the parties.

4. SAME—CUSTODY OF CHILDREN—FITNESS OF FATHER—EVIDENCE.

Where plaintiff husband in suit for divorce testified that his
mother and grandmother would care for the minor son of par-
ties, trial court found as a fact that he was a fit and proper
person to have such care and custody and there is no testimony
of plaintiff's unfitness, award of custody to plaintiff is not
disturbed.

5. SAME—COSTS.

No costs are allowed on appeal upon affirmance of decree for
plaintiff husband in suit for divorce.

Appeal from Kent; Souter (Dale), J. Submitted
November 10, 1947. (Docket No. 94, Calendar No.
43,933.) Decided January 5, 1948.

Bill by William R. Cooper against Pauline Cooper
for divorce on grounds of extreme and repeated
cruelty. Cross bill by defendant against plaintiff for
divorce on ground of cruelty and nonsupport. De-
cree for plaintiff. Defendant appeals. Affirmed.

*Annis & Cooper,* for plaintiff.

*Glocheski & Glocheski* and *McAllister & McAllis-
ter,* for defendant.

SHARPE, J. Defendant, Pauline Cooper, appeals
from a decree of divorce depriving her of the custody
of Robert W. Cooper, the minor son of the parties.

The parties were married October 31, 1942, and lived together until April 18, 1946, less a period of time from June 8, 1943, until January 4, 1946, when plaintiff was in the army of the United States. The above named child was born in 1943.

Plaintiff filed his bill of complaint for divorce alleging that defendant was guilty of extreme and repeated cruelty in that while he was in the army, defendant wrongfully entertained men in a house trailer and permitted men to stay over night with her in the trailer; and that since his return from service in the army, defendant has continued her association with other men. Plaintiff also alleges that defendant has neglected her household duties. Defendant filed an answer denying plaintiff's charges in his bill of complaint and filed a cross bill in which she alleges that she has been a good and dutiful wife, never guilty of the immoral acts charged by plaintiff; and that plaintiff left her and ceased to support herself and minor child.

The cause came on for trial and the trial judge found as a fact that defendant was guilty of the immoral acts charged in plaintiff's bill of complaint. A decree of divorce was entered giving plaintiff the care and custody of the minor child of the parties and directing that a house trailer owned by the parties be sold and the proceeds from the sale be evenly divided between plaintiff and defendant.

Defendant appeals and urges that it was error upon the part of the trial court to permit Earl Lewitt, Jr., to testify that he had improper relations with defendant when there was no such charge in the bill of complaint.

The charges in plaintiff's bill of complaint read as follows: ·

"A. While the plaintiff was in the armed services of this country the defendant was wrongfully keeping company with other men. The defendant entertained said men in the house trailer owned by the parties hereto. On information and belief this plaintiff alleges that the defendant permitted said men to stay over night with her in said trailer.

"B. Since the plaintiff has returned home the defendant insists on continuing her associations with other men and to go out with them, and to do what she pleases and as she pleases, and refuses to desist therefrom."

We note that during the trial, no objections were raised that this testimony was not within the scope of the pleadings. We think it is now too late to raise such objections. See *Tuffelmire* v. *Tuffelmire,* 192 Mich. 147.

Defendant also urges that the trial court erred in failing to advise the witness Earl Lewitt, Jr., of his constitutional right that he could refuse to testify on the grounds of self incrimination. This objection is not argued in defendant's brief. We assume it has been waived. Moreover, we fail to see how defendant can object to a matter that is personal to the witness.*

It is also urged that plaintiff failed to offer any evidence that the defendant was an unfit and improper person to have the care and custody of the minor child. The trial court placed some credence in the evidence given by Earl Lewitt, Jr. The testimony so given, if believed, is sufficient to hold that defendant was and is an unfit person to have the care and custody of the minor child of the parties.

It is also urged that plaintiff failed to offer any evidence that he was a fit and proper person to have

___

\* See Const. 1908, art. 2, § 16.—Reporter.

the care and custody of the minor child. ˝ During the trial plaintiff. testified that his mother and grandmother would care for the child at the home of plaintiff's mother.   The trial court found as a ˙fact that plaintiff was a fit and proper person to have such care and custody of the child.   The trial court had the opportunity of observing plaintiff as he testified and could form some conclusion as to his fitness. Moreover, the record is void of any evidence of the unfitness of plaintiff.   After reviewing the record we are not convinced that the trial judge reached the wrong. conclusions as to the custody of the minor child.   We ˈfind no reason for disturbing his determination.

The decree is affirmed, but without costs. ˙

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.