## PEOPLE *v.* NANKERVIS.

1. INDICTMENT AND INFORMATION—ELECTION BETWEEN COUNTS—EVIDENCE.

    Delay in dismissal of second count of information until the conclusion of people's proofs was not error, where the two offenses charged sprang out of substantially the same transactions and the same proofs would tend to establish both and no proofs were shown to have been introduced which pertained to the second count and not to the first (CL 1948, §§ 750.125, 750.478).

2. CRIMINAL LAW—REFRESHING RECOLLECTION OF RELUCTANT WITNESSES—IMPEACHMENTS.

    Use of written statements, given by witnesses to prosecuting attorney some time before trial, to refresh memories of reluctant witnesses for the people in a prosecution for crime, does not amount to impeachment of the witnesses and is permissible practice.

3. SAME—CONTINUING OFFENSE—EVIDENCE.

    No error was committed in permitting testimony concerning several distinct transactions of the same character as that charged, where the charge was of a continuing offense, that of soliciting and accepting bribes as a reward for misfeasance in the service of his employer during a period of 6 months.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Indictments and Informations, §§ 133–135.
[2] 58 Am Jur, Witnesses, § 583.
[2] Refreshment of recollection by use of memoranda or other writings. 125 ALR 19.
[3, 4] 20 Am Jur, Evidence, §§ 302, 303.
[4, 5] 8 Am Jur, Bribery, § 32; 11 Am Jur, Conspiracy, §§ 40, 42.
[7] 58 Am Jur, Witnesses, §§ 86, 87.
[8] 50 Am Jur, Statutes, §§ 472, 473.
[10] 20 Am Jur, Evidence, § 192.

4. BRIBERY—EVIDENCE—CONVERSATIONS OF CONSPIRATORS.

Testimony, material to claim of bribery as charged, was admissible despite the fact that it related to conversations and transactions which occurred out of the presence and hearing of defendant to bribery charge, for the reason that they pertained to one common, unlawful enterprise in which the defendant, the go-between, and the bribe furnishers were all engaged.

5. CRIMINAL LAW—COMMON UNLAWFUL ENTERPRISE—EVIDENCE.

Whatever is said or done by one member of a common unlawful enterprise in the course of its prosecution or while it is still in the course of its prosecution or while it is still in progress is evidence against all the parties to it in prosecution for crime.

6. BRIBERY—EMPLOYEES—INJURY TO EMPLOYER.

Statute constituting it an offense for an employee to accept a bribe with the understanding that he should act in any particular manner in relation to his employer's business does not make injury to the employer a necessary element of the offense, hence, defendant was not entitled to a directed verdict in prosecution thereunder, because his employer was not shown to have been injured by defendant's conduct (CL 1948, § 750.125).

7. CONSTITUTIONAL    LAW—SELF-INCRIMINATION—IMMUNITY—STATUTES.

Claim of unconstitutionality of statute because it provides that no person shall be excused from testifying concerning violations of the act on the ground that his testimony might tend to criminate him and grants immunity from prosecution in relation to any transaction concerning which he has so testified was unavailable to defendant who did not testify and grant of immunity to witnesses who did testify avoided violation of their rights (Const 1908, art 2, § 16; CL 1948, § 750.-125).

8. STATUTES—CONSTITUTIONAL LAW—BRIBERY—IMMUNITY OF WITNESSES—CERTAINTY.

Statute, prescribing offense of giving and requesting or accepting of bribes by an employee, which requires the giving of testimony, grants immunity from prosecution in certain cases and makes other provisions designed to secure the object of the law, the prevention and punishment of bribery of employees for purpose of influencing their acts in relation to their employer's business, *held*, not unconstitutional for vagueness, indefiniteness and uncertainty (Const 1908, art 5, § 21; CL 1948, § 750.125).

9. Criminal Law—Statutes—Bribery—Employee.

It was not error to prosecute defendant, a clerk in the traffic and ordinance division of the recorder's court of the city of Detroit, for bribery under section of penal code relating to bribery of and acceptance of bribes by employees of "any other person" rather than section relating solely to the giving of bribes to public employees or section referring to taking of bribes by "any executive, legislative or judicial officer" since defendant was not within either of the latter classifications (CL 1948, §§ 750.117, 750.118, 750.125).

10. Same—Instructions—Failure of Defendant to Testify.

Charge to jury that defendant did not take the stand and testify in his own behalf, that he had a right to testify or not as he chose and if he chose not to do so the jury was not to draw any inferences unfavorable to him because of the fact that he did not testify in his own behalf was proper.

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted October 13, 1950. (Docket No. 78, Calendar No. 44,571.) Decided March 1, 1951.

William Nankervis, a clerk in the traffic and ordinance division of the recorder's court of Detroit, was convicted of accepting payment for removal of records of traffic violations. Affirmed.

*Herbert Munro (Philip J. Caruso, of counsel), for* appellant.

*Stephen J. Roth, Attorney General, Edmund E. Shepherd, Solicitor General, Gerald K. O'Brien, Prosecuting Attorney, and Michael A. Guest, Assistant Prosecuting Attorney, for the people.*

Dethmers, J. The information filed in this case contained 2 counts. The first charged that defendant, as an employee of the city of Detroit in the recorder's court traffic and ordinance division, did, from October 1, 1947, to April 1, 1948, request and ac-

cept payments of bribes to himself for his removal of records of traffic violations by certain persons from the files of that court contrary to PA 1931, No 328, § 125 (CL 1948, § 750.125 [Stat Ann § 28.320]). The second count charged defendant with wilful neglect of the duty enjoined upon him by law as a person holding public employment, *viz.*, failing, as an employee of said court, to forward and preventing the forwarding to the secretary of State of records of traffic violations by certain persons contrary to PA 1931, No 328, § 478 (CL 1948, § 750.478 [Stat Ann § 28.746]). Defendant's motion at the opening of trial that the prosecuting attorney be required to elect on which count he would proceed was denied. At the close of proofs, people's motion to dismiss the second count was granted. The jury returned a verdict of guilty as charged in the first count. Defendant appeals.

The offenses charged in the 2 counts spring out of substantially the same transactions and the same proofs would tend to establish both. Defendant points to no proofs received which were material only to the second count and not to the first, on which defendant was convicted. That the second count was not dismissed until the conclusion of people's proofs did not constitute error. *People* v. *Lahey,* 256 Mich 250; *People* v. *Rose,* 268 Mich 529; *People* v. *Bommarito,* 309 Mich 139.

The people called as witnesses persons connected with the transactions which resulted in defendant receiving bribes. Upon being examined, they proved to be very unwilling, reluctant and forgetful witnesses, professing not to know or remember things which they readily remembered as soon as they were confronted with questions and answers made by them in written statements given by them to the prosecuting attorney some time before trial. Such use of written statements, to refresh memories of reluc-

tant witnesses for the people, does not amount to their impeachment, as defendant claims, and is permissible practice. *People* v. *O'Neill*, 107 Mich 556; *People* v. *Prevost*, 219 Mich 233; *People* v. *Hallas*, 257 Mich 127.

There was no error in permitting testimony concerning several distinct transactions of the character charged against defendant inasmuch as the information charged a continuing offense of soliciting and accepting bribes as reward for misfeasance in the service of his employer during a period extending from October 1, 1947, to April 1, 1948. Evidence of separate and distinct acts and transactions tending to establish the continuing offense charged to have been committed by defendant during that period was admissible. *People* v. *Elmer*, 109 Mich 493.

Defendant claimed error in admission of testimony concerning conversations and transactions between persons claimed to have furnished the bribes and one whom it was claimed acted as a go-between in the bribery transactions between them and defendant. The testimony, material to the claim of bribery as charged, was admissible despite the fact that it related to conversations and transactions which occurred out of the presence and hearing of defendant for the reason that they pertained to one common, unlawful enterprise in which the defendant, the go-between and the bribe furnishers were all engaged. *People* v. *Ewald*, 302 Mich 31. "The general rule is well settled that, where several persons are engaged in one common unlawful enterprise, whatever is said or done by any one of them in the prosecution of the common enterprise, or while it is still in progress, is evidence against all the parties to it." *People* v. *Pitcher*, 15 Mich 397.

Defendant was not entitled to a directed verdict of not guilty on the ground that the proofs failed to show that defendant's employer, the city of Detroit,

was injured by defendant's course of conduct. The statute under which defendant was prosecuted constitutes it an offense for an employee to accept a bribe with the "understanding" that "he shall act in any particular manner in relation to his principal's, employer's or master's business." The proofs show that defendant did so. The statute does not make injury to the employer a necessary element of the offense.

Defendant contends that the act under which he was prosecuted is unconstitutional because it provides that no person shall be excused from testifying concerning violations of the act on the ground that his testimony might tend to criminate him [*] and grants immunity from prosecution in relation to any transaction concerning which he has so testified. Defendant did not testify. His constitutional rights, accordingly, were not violated in the respect claimed. If the mentioned provisions of the act and the fact that certain of people's witnesses were required to testify, in accord therewith, as to matters tending to criminate them, combined to violate the constitutional rights of any of those witnesses, it is not the concern of defendant nor does it entitle him to reversal. See *Cooper* v. *Cooper,* 319 Mich 692. Moreover, it is difficult to discern a violation of their rights in view of the grant of immunity.

Defendant urges that PA 1931, No 328, § 125, under which prosecution was brought, is unconstitutional for vagueness, indefiniteness and uncertainty of its provisions under Michigan Const 1908, art 5, § 21. Apparently this contention is based on the fact that the law covers both the giving and requesting or accepting of bribes, requires giving of testimony, grants immunity from prosecution in certain cases, and makes other provisions designed to

---

[*] See Const 1908, art 2, § 16.—Reporter.

secure the object of the law, namely, the prevention and punishment of the crime of bribery of employees for the purposes of influencing their acts in relation to their employers' business. Any provisions of the law pertinent and adapted to securing that object are properly included therein without violation of the constitutional inhibition indicated. *Kurtz* v. *People,* 33 Mich 279.

Defendant claims it was error to bring prosecution under section 125 of the act for the reason that it applies only to employees of private employers, while he was a public servant. He says the prosecution should have been under section 117 * of the act, citing *People* v. *Karoll,* 315 Mich 423. In this he is clearly in error, as section 117 applies only to the giver of bribes and not to the taker. Section 118 † of the act refers to taking of bribes by "any executive, legislative or judicial officer." Defendant was none of these, but a mere employee and, therefore, could not be prosecuted under section 118, but was properly proceeded against under section 125. *People* v. *Leve,* 309 Mich 557.

The court charged the jury in part as follows:

"The defendant did not take the stand and testify in his own behalf. I charge you that is a right which he has under the law to testify or not to testify as he chooses and if he chooses not to testify, the jury have no right to draw any inferences unfavorable to him because of the fact that he did not testify in his own behalf."

Defendant claims error on the authority of *People* v. *Mitchell,* 164 Mich 583, in which this Court held erroneous the instruction that the jury should not give defendant's failure to testify "any unfair consideration." This Court said that the instruction left

---

* CL 1948, § 750.117 (Stat Ann § 28.312).—REPORTER.
† CL 1948, § 750.118 (Stat Ann § 28.313).—REPORTER.

the inference that the jury might give such failure fair consideration whereas they should have been instructed to give it no consideration. The situation in the instant case differs in that the court instructed the jury that they had no right to draw any inferences unfavorable to defendant by reason of the fact that he did not testify. A similar instruction was upheld in *People* v. *Murnane*, 213 Mich 205.

Other claims of error were not argued in defendant's brief and are without merit.

The conviction is affirmed.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.