## PEOPLE *v.* LOHN
## PEOPLE *v.* JOSEPH SCOTT

1. CRIMINAL LAW—ARGUMENT OF COUNSEL—REMARKS BY PROSECUTOR
   —PREJUDICE.

   Statements made by prosecutor during closing argument are not
   considered prejudicial when made in good faith and when
   they are not of such nature as would violate the rights of the
   defendant.

2. APPEAL AND ERROR—ARGUMENT OF COUNSEL—IMPROPER ARGUMENT
   —FAILURE TO OBJECT.

   Error cannot be assigned on appeal for improper remarks made
   by prosecutor in argument to the jury when timely objection
   is not made at trial and a failure to review it for the first time
   on appeal will not result in a miscarriage of justice.

3. CRIMINAL LAW — COMMON UNLAWFUL ENTERPRISE — EVIDENCE —
   ACTS OF CODEFENDANT.

   Whatever is said or done by one member of a common unlawful
   enterprise in the course of its prosecution may be considered
   by the jury and the activities of either party may be con-
   sidered as evidence of guilt of the other.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 January 12, 1970,
at Detroit. (Docket Nos. 6,974, 7,363.) Decided
January 29, 1970. Leave to appeal by defendant
Scott denied June 12, 1970. 383 Mich 791.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 463 *et seq.*
[2] 53 Am Jur, Trial §§ 505–507.
[3] 30 Am Jur 2d, Evidence § 1151 *et seq.*

Charles R. Lohn and Joseph Scott were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Robert McClear,* for defendants on appeal.

Before: DANHOF, P. J., and FITZGERALD and McGREGOR, JJ.

PER CURIAM. In September of 1968, following the robbery of a party store on Grand River in the city of Detroit, codefendants Charles R. Lohn and Joseph Scott were arrested and charged with robbery armed pursuant to MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). The matter was tried to a jury and both defendants were found guilty. Defendant Lohn was sentenced to 20 to 40 years and defendant Scott to 25 to 50 years. Both defendants have appealed and the two cases have been consolidated for purposes of this appeal.

During the trial, the complaining witness testified that on September 14, 1968, a man whom she identified as defendant Lohn entered her party store and purchased a paper bag and then left the store. A short time later, while the witness was waiting on another customer, a man identified as defendant Scott entered the store and made known his intention of robbing the establishment. Defendant Scott, while brandishing a gun, ordered the witness to sit on the floor. She then saw defendant Lohn approaching her, and the two men then proceeded out of her line of vision, whereupon various items were

removed from the premises. A second witness who was in her car in the parking lot at the rear of the store observed a man leaving the store carrying a television set which was placed in a waiting automobile occupied by two other men. The license number of this automobile was recorded and turned over to the police, whereupon the car and its three occupants were later apprehended.

The Court is asked to review two questions on this appeal, neither of which was raised as objections in the trial court. Both defendants contend that the prosecutor's remark during closing argument, to wit: "Sometimes it seems obvious to us because we have seen a lot of cases in criminal law and you haven't  *  *  *  " was improper and prejudicial. In *People* v. *Williams* (1968), 11 Mich App 62, citing *People* v. *Burnstein* (1933), 261 Mich 534, this Court held that statements made by the prosecution are not considered prejudicial when made in good faith and when they are not of such nature as would violate the rights of the defendant. Furthermore, the question does not merit consideration on appeal since no objection was made at trial and a failure to review it for the first time on appeal will not result in a miscarriage of justice. *People* v. *Panknin* (1966), 4 Mich App 19.

The trial court did not err in allowing the jury to consider certain evidence of the activities of defendant Lohn in determining the guilt of codefendant Scott. This was a common unlawful enterprise and the activities of either party may be considered as evidence of the guilt of the other. *People* v. *Nankervis* (1951) 330 Mich 17.

Affirmed.